# United States District Court

_____ DISTRICT OF ___MASSACHUSETTS___

UNITED STATES OF AMERICA

v.

JOSE RODRIGUES DE REZENDE

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-MJ0408-RBC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __February 23, 2005,__ in ___Suffolk___ county, in the _____ District of ___Massachusetts___ defendant, (Track Statutory Language of Offense)

did knowingly transfer and possess a document-making implement with the intent that such document-making implement would be used in the production of a false identification document,

in violation of Title ___18___, United States Code, Section ___1028(a)(5)___.

I further state that I am a(n) __Special Agent, Bureau of Immigration and Customs Enforcement__ and that this complaint is based on the following facts
  Official Title

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant
Dana Fiandaca
Special Agent, BICE
United States Department of the Homeland Security

Sworn to before me and subscribed in my presence,

__FEB 23 2005__ at __4:56 pm__ at __Boston, Massachusetts__
Date                                                                                        City and State

HON. ROBERT B. COLLINGS, United States Magistrate Judge
Name and Title of Judicial Officer                                      Signature of Judicial Officer

## AFFIDAVIT

I, Dana Fiandaca, having been duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the United States Immigration and Customs Enforcement ("ICE"), formerly the United States Immigration and Naturalization Service ("INS"), and have been so employed since June 1996. Among other duties, I am assigned to investigate the manufacture and sale of fraudulent Immigration and Naturalization Resident Alien Cards, Form I-551 (hereinafter "green cards"). From my training, I know that persons, usually aliens, manufacture and distribute counterfeit green cards and social security account number cards ("SSANC") and other false identification documentation. The counterfeit documents are then distributed and sold to aliens who are illegally in the United States. I am familiar with the various criminal statutes which make it unlawful to manufacture and sell green cards, including Title 18, United States Code, Section 1028(a)(1)-(6) (Producing identification and false identification documents); and Title 18, United States Code, Section 1426(b) (Using and selling false naturalization, citizenship and registry documents).

2. This affidavit is based on my personal knowledge, information provided to me by other law enforcement officers and ICE agents, as well as information provided to me by a Confidential Source ("CS"). This affidavit is not intended to set forth all of the information that I and other law enforcement personnel have learned during this investigation, but is submitted in support of an application for a criminal complaint against "JOSE RODRIGUES DE REZENDE, charging him with violating Title 18 U.S.C. Section 1028(a)(5), the knowing "Transfer and Possession of a Document-Making Implement."

## BACKGROUND

3. On August 28, 2004, Confidential Source SA-566-BO (hereinafter "CS") received a call from a Brazilian male who identified himself as "WARLEY." "WARLEY"had called the CS in response to the CS' previous dealing with another target named

"Ricardo" who had initially supplied the CS with a counterfeit green card and social security card (back on August 9, 2004). However, due to the first target "Ricardo" being too busy with work, and unable to accommodate the CS' additional orders for documents, "Ricardo" advised the CS that he would refer him/her to another male who could assist the CS in obtaining the requested documents. According to the CS, during the phone call, "WARLEY"stated that he was a friend of "Ricardo's", and could assist the CS in obtaining counterfeit green cards and social security cards. The CS agreed, and informed "WARLEY"that he/she would be in touch for future document orders, and terminated the call. Note: During this call between the CS and "WARLEY", "WARLEY"called the CS from cellular number (781) 690-1808, which appeared on the caller ID of the ICE undercover cellular phone.

4. Subsequent record checks with Cingular Wireless regarding the cellular number used by "WARLEY"(781) 690-1808 revealed that the current subscriber is Warley G. Oliveira with a date of birth of 08/12/81. A residential address of 21 Alandale Parkway in Norwood, Massachusetts was listed for Oliveira.

## THE DOCUMENT PURCHASES

5. On September 13, 2004, the CS made telephonic contact with "WARLEY"at cellular number (781) 690-1808 and placed an order for two (2) sets of counterfeit green cards and social security cards. A set includes one green card and one social security card. According to the CS, "WARLEY"agreed to accommodate the CS' document request, and based on the call, a meeting was scheduled for September 14, 2004 at approximately 6:30 pm at the McDonald's parking lot located on Route 1 at the town-line of Westwood and Norwood, Massachusetts. The call was then terminated.

6. On September 14, 2004, at approximately 6:25 pm, ICE agents met with the CS in Westwood, Massachusetts to prepare for the scheduled undercover meeting with "WARLEY." During the briefing, an integrity search of the CS and CS' vehicle was performed. In addition, your affiant provided the CS with two (2) green card style photos

along with fictitious names and dates of birth, which were written on each respective photo. Lastly, an electronic transmitter and recorder were placed on the CS to record the meeting.

7. At approximately 6:30 pm, ICE agents arrived in the vicinity of the McDonald's located on Route 1 at the Westwood/Norwood, Massachusetts town-line, and established stationary surveillance positions to await "WARLEY'S" arrival.

8. At approximately 6:42 pm, the CS was observed arriving in the McDonald's parking lot and parking (remaining in vehicle). The CS was escorted to the lot by Special Agent Joseph DeSantis of the Social Security Administration.

9. At approximately 7:06 pm, a male was observed arriving in the McDonald's parking lot operating a brown Honda Accord, bearing Massachusetts Registration 58H P27. The male parked next to the CS' vehicle and exited the Honda, proceeding to the CS' vehicle and entering via the passenger side door. The male, subsequently identified as "WARLEY", is described as a Brazilian male; 20-30 years of age; medium height; having a thin build, long brown hair and wearing eyeglasses.

10. According to the CS, the male acknowledged that he was "WARLEY" and that he was a friend of "Ricardo's". The CS handed "WARLEY" the two (2) green card style photos with accompanying biographical information. "WARLEY" informed the CS that the price for each set was $180.00. The CS responded and advised "WARLEY" that "Ricardo" only charged $140.00 for the set. "WARLEY" stated that he was not the manufacturer, and was not sure if the price of the documents could be lowered. He advised the CS that the documents would be completed and ready for delivery within two to four days. The CS agreed, and informed "WARLEY" that he/she would be in touch to confirm a date and meet time for the delivery. "WARLEY" agreed, and terminated the meeting at approximately 7:13 pm.

11. On September 21, 2004, the CS made telephonic contact with "WARLEY" at cellular number (781) 690-1808 to confirm a meet time to deliver the documents. Based

on the call, a meeting was scheduled for 6:30 pm at the aforementioned McDonald's. The call was then terminated. The CS was able to ascertain that the price for each set of documents was lowered to $160.00, instead of $180.00.

12. At approximately 5:30 pm, ICE agents met with the CS in Westwood, Massachusetts to prepare for the scheduled undercover meeting with "WARLEY". During the briefing, an integrity search of the CS and CS' vehicle was performed. In addition, your affiant provided the CS with the $320.00 of official funds, which was to be given to "WARLEY" in exchange for the documents. Lastly, an electronic transmitter and recorder were placed on the CS to record the meeting.

13. At approximately 5:45 pm, ICE agents arrived in the vicinity of the McDonald's parking lot, and established stationary surveillance positions to await "WARLEY'S" arrival.

14. At approximately 5:57 pm, the CS was observed arriving in the McDonald's parking lot and parking (remaining in vehicle). The CS was escorted to the lot by Special Agent Seth Plumb.

15. At approximately 6:20 pm, your affiant observed "WARLEY" arrive in the McDonald's parking lot operating the same brown Honda Accord as previously noted, and park next to the CS' vehicle. "WARLEY" then exited his vehicle and entered the CS' vehicle via the passenger side door.

16. According to the CS, once in the vehicle, he/she handed "WARLEY" the $320.00 of official funds. In exchange, "WARLEY" handed the CS the two sets of completed green cards and social security cards, which were contained in a white envelope. Prior to leaving, the CS inquired if he/she could bring "Harley' additional document orders in the future, to which "WARLEY" replied yes. The meeting was terminated at approximately 6:23 pm.

17. Shortly after the meeting, ICE agents met with the CS for debriefing and to take custody of the documents. A closer examination of the two sets of documents purchased

by the CS, revealed that they contained the same photos and biographical information, which your affiant provided to the CS earlier. The two names on the documents purchased by the CS from "WARLEY" are Ricardo Pereira De Oliveira and Ana De Almeida.

18. This same pattern (initiation of a buy of documents, followed by the provision of information to be contained on the documents, payment for the documents, and exchange of the completed document set(s) for payment occurred on two subsequent occasions (October 26, 2004 and January 13, 2005). Each such series of transactions was monitored in the same way as previously described.

19. In sum, I have received a total of sixteen (16) documents from all of the aforementioned undercover purchases. I have reviewed the documents and have determined that they are counterfeit. A review of ICE and the Social Security Administration databases further reveals that the alien registration numbers and social security account numbers appearing on the documents purchased, are either invalid or belong to individuals other than those named on the documents.

20. On February 22, 2005, ICE agents arranged with the CS to contact "WARLEY" for the purpose of making a purchase of the computer software which had been used by the individual who had been providing the identification documents to "WARLEY." Based on that contact, a tentative meeting for the purpose of purchasing the software was arranged for the next morning at the Holiday Inn in Somerville, Massachusetts. "WARLEY" advised the CS that he would be joined by an additional person who would explain the use and application of the software.

21. On February 23, 2005, ICE agents met with the CS at the Holiday Inn in Somerville, Massachusetts to make preparations for the meeting with "WARLEY" and the individual whom "WARLEY" had previously told the CS was the provider of the identification documents.

22. On that same day, at approximately 10:45 am, the CS met with "WARLEY" and a second individual subsequently identified as JOSE RODRIGUES DE REZENDE. The CS

and "WARLEY" and DE REZENDE first met on Washington Street in close proximity to the Holiday Inn. From there, the CS and "WARLEY" and DE REZENDE proceeded in separate cars to the Holiday Inn, where all three proceeded to a room provided by ICE, under the pretense that it had been rented by the CS (which is to say, that "WARLEY" and DE REZENDE were given the impression that the room was rented by the CS).

23. Prior to this meeting, ICE agents had installed video and audio recording devices in two separate locations in the hotel room, in addition to having placed a audio recorder on the person of the CS. In addition, an ICE agent who is fluent in Portugese (the language spoken by "WARLEY" and DE REZENDE) was able to monitor, in real-time, the transmissions produced by these recording devices.

24. From the video transmissions, ICE agents were able to see (real-time) that upon entering the hotel room, DE REZENDE sat down at the desk and produced what appeared to be a computer compact disc and inserted it into the CS's lap-top computer (provided by the ICE agents). DE REZENDE then opened up the program and began instructing the CS in the operation of the program, which included how to manufacture green cards and social security cards. DE REZENDE further demonstrated to the CS, using a previously provided photograph, how to create a green card and a social security card.

25. For approximately one hour, ICE agents listened and watched as DE REZENDE continued to describe the operation of the software which he then and there intended to sell to the CS for $3,500.00.

26. At approximately 11:45 am, ICE agents entered the hotel room and placed DE REZENDE under arrest. He was then advised of his Miranda rights (in Portugese) and indicated that he understood those rights.

27. ICE Agents then recovered the software (which had been provided by DE REZENDE) and an accompanying instruction sheet which purpose appears to have been related to the use and application of the software.

## CONCLUSION

28. Based on the foregoing information, I believe probable cause exists to conclude that JOSE RODRIGUES DE REZENDE, on February 23, 2005, did knowingly transfer and possess a document-making implement with the intent that such document-making implement would be used in the production of a false identification document, in violation of Title 18 U.S.C., Section 1028(a)(5).

Dana Fiandaca
Special Agent
Bureau of Immigration and Customs Enforcement
Department of Homeland Security


Subscribed and sworn before me this 23rd day of February, 2005,

HON. ROBERT B. COLLINGS
United States Magistrate Judge
District of Massachusetts

**Criminal Case Cover Sheet**  **U.S. District Court - District of Massachusetts**

Place of Offense:    Category No. __II__    Investigating Agency __BICE__

City __Somerville__    Related Case Information:

County __Middlesex__    Superseding Ind./ Inf. _____    Case No. _____
  Same Defendant _____    New Defendant __x__
  Magistrate Judge Case Number _____
  Search Warrant Case Number _____
  R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __JOSE RODRIGUES DE REZENDE__    Juvenile  ☐ Yes  ☒ No

Alias Name __unknown__

Address __48 Orange Street, Attleboro, Massachusetts__

Birth date: __1970__  SS#: __unknown__  Sex: __M__  Race: __Caucasian__  Nationality: __Brazilian__

Defense Counsel if known: _____    Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Paul R. Moore__    Bar Number if applicable __632312__

Interpreter:  ☒ Yes  ☐ No    List language and/or dialect:  __Portugese__

Matter to be SEALED:  ☐ Yes  ☒ No

  ☐ Warrant Requested    ☐ Regular Process    ☒ In Custody

**Location Status:**

Arrest Date: __February 23, 2005__

☒ Already in Federal Custody as of __Feb. 23, 2005__ in __custody of USMS__ .
☐ Already in State Custody _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

Charging Document:  ☒ Complaint    ☐ Information    ☐ Indictment
Total # of Counts:  ☐ Petty _____  ☐ Misdemeanor _____  ☐ Felony __1__

Continue on Page 2 for Entry of U.S.C. Citations

☒  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: February 23, 2005    Signature of AUSA: _P/ P. M_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**     JOSE RODRIGUES DE REZENDE

## U.S.C. Citations

| **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|
| Set 1   18 U.S.C. §1028(a)(5) | Transfer and Possession of Doc-Making Implement | 1 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:** _____

**District Court Case Number  (To be filed in by deputy clerk):**_____

**Name of Defendant**     JOSE RODRIGUES DE REZENDE

js45 - Poss and Transf of Doc Making Implement - De Rezende.wpd - 3/13/02