UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE RODRIGUES DE REZENDE,<br><br>      Defendant. | Criminal Action No. 05-10054-PBS |

## ASSENTED-TO MOTION TO WAIVE PREPARATION OF PRESENTENCE REPORT AND TO COMBINE CHANGE-OF-PLEA WITH SENTENCING

Defendant Jose Rodrigues De Rezende anticipates that at the earliest possible date he will waive his right to indictment and plead guilty to the above-captioned Information. In anticipation of his guilty plea, Mr. De Rezende moves, with the assent of the government, to waive the preparation by the Probation Department of a presentence report ("PSR"), and, assuming this Court accepts his anticipated guilty plea, to proceed to sentencing immediately after he pleads guilty to the charged offense. In support of this Motion, Mr. De Rezende states:

1. Mr. De Rezende was arrested on February 23, 2005 on a criminal complaint charging him with knowingly transferring and possessing a document-making implement with the intent that such document-making implement would be used in the production of a false identification document, in violation of 18 U.S.C. § 1028(a)(5).

2. The following day, on February 24, 2005, Mr. De Rezende appeared before Magistrate Judge Collings for an initial appearance. That same day, undersigned counsel was appointed for Mr. De Rezende, and a probable cause and detention hearing was held. Following the hearing, Magistrate Judge Collings found probable cause and ordered that Mr. De Rezende be detained. In ordering Mr. De Rezende's detention, Magistrate Judge Collings found that there

were "No conditions or combination of conditions which [would] reasonable assure the defendant's appearance."

3. Mr. De Rezende is a native of Brazil. The entirety of his immediate family, including his parents and his wife and child, all continue to live in Brazil.

4. The Bureau of Immigration and Customs Enforcement ("ICE") and Magistrate Judge Collings have both found that Mr. De Rezende is in the United States illegally. Magistrate Judge Collings specifically found that defendant "is an illegal alien" with "no ties to the United States."

5. ICE has lodged a detainer against Mr. De Rezende, and has indicated a preparedness to take him into custody and deport him to Brazil as soon as he is released from the custody of the Attorney General.

6. On March 10, 2005, the government filed the above-referenced Information in anticipation of Mr. De Rezende waiving his right to indictment and pleading guilty. The parties are negotiating a plea agreement and anticipate that an agreement will be signed before Mr. De Rezende's Rule 11 hearing.

7. Mr. De Rezende has no criminal record. Undersigned counsel has been told by Assistant U.S. Attorney Paul Moore that ICE has run Mr. De Rezende's fingerprints through both the Homeland Security and the F.B.I. systems and has satisfied itself that Mr. De Rezende has no criminal record.

8. The parties do not necessarily agree on the appropriate sentence for Mr. De Rezende or on the appropriate applicability of the Sentencing Guidelines to his case. The government has, however, stated that based on the fact that Mr. De Rezende is in criminal history category I, and based on what the government believes to be the applicable guideline

range, there is no circumstance in which the government will recommend a sentence for Mr. De Rezende of more than four months, and may recommend a lower sentence. It, thus, appears certain that the parties will be recommending a sentence to the Court of between zero and four months. Assuming that the Court imposes a sentence within the range recommended by the parties, and in this case there is no reason to believe that the Court would exceed the maximum recommendation of the government, if Mr. De Rezende must await the preparation of a PSR in the ordinary course, he will have served most or all of what is realistically his maximum possible sentence before sentencing. This would be palpably unfair.

9. In his written statement of reasons for detaining Mr. De Rezende, Magistrate Judge Collings stated that "Defendant will be deported after these proceedings are completed, whether or not he is found guilty." Mr. De Rezende is resigned to the truth of these words. He is, therefore, eager to resolve his criminal proceeding as soon as possible, minimize the additional time, if any, that he needs to stay in prison, and rejoin his family in Brazil.

10. The government, through Assistant United States Attorney Paul Moore assents to this Motion.

WHEREFORE, Mr. De Rezende requests that this Motion be granted, and that the Court waive the preparation of the PSR and proceed to sentence him immediately following the hearing on his anticipated change-of-plea (assuming the Court accepts the anticipated guilty plea).

    Respectfully submitted,
    JOSE RODRIGUES DE REZENDE
    By his attorneys,

       /s/ David J. Apfel
    David J. Apfel (BBO #551139)
    GOODWIN PROCTER LLP
    Exchange Place
    Boston, MA 02109-2881
Dated: March 11, 2005    617-570-1000

## CERTIFICATE OF SERVICE

      I, David J. Apfel, hereby certify that, on March 11, 2005, counsel for defendant Jose Rodrigues De Rezende caused a true copy of the above Assented-To Motion to be served on the government by e-mail and first class mail to Paul R. Moore, Assistant U.S. Attorney, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210.

                                    /s/ David J. Apfel
                                    David J. Apfel

Dated: March 11, 2005

LIBA/1514029.1